Filed 5/15/25  P. v. Lopez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN DAVID LOPEZ,<br><br>    Defendant and Appellant. | D084077<br><br><br>(Super. Ct. No. SCE417025) |


APPEAL from a judgment of the Superior Court of San Diego County, Frank L. Birchak, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

MEMORANDUM OPINION

John David Lopez appeals from a judgment of conviction and sentence following a guilty plea to voluntary manslaughter.  His appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We notified Lopez of his right to file a supplemental brief, and he has not done so.  Based on our independent

review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

## I.

### *Background*

In an amended information, Lopez was charged with murder (Pen. Code, § 187, subd. (a) (all further references are to the Penal Code)) with firearm enhancements pursuant to section 12022.53, subdivision (d), and section 12022.5, subdivision (a). It was further alleged he had two serious felony priors and two strike priors based on felony assault convictions from 1985 and 2016. Three aggravating circumstances were also alleged in support of an upper term sentence.

On March 11, 2024, Lopez pled guilty to the lesser included offense of voluntary manslaughter (§ 192, subd. (a)) and admitted the section 12022.5, subdivision (a), firearm enhancement and one strike prior. With the assistance of counsel, Lopez completed and signed a *Boykin*/*Tahl*[1] waiver form, initialing each line acknowledging the constitutional rights he waived and the consequences of his plea. Relevant here, he initialed the acknowledgements: (1) "I have not been induced to enter this plea by any promise or representation of any kind, except" the stipulated agreement he would be sentenced to "26 years to run concurrent with [case No.] SCD296684." (2) He was subject to the maximum exposure of 32 years state prison and his conviction will be a strike resulting in substantially increased penalties. (3) His attorney explained to him other possible consequences, including reduced conduct/work credits as follows, "b. Violent Felony (No credit or max. 15%)" and "c. Prior Strike(s) (No credit to max. 20%)." He

---

1     *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin / Tahl*).

2

agreed to the following factual basis: "I unlawfully killed David Martinez. I intentionally discharged a firearm. I have suffered a previous strike offense. I have previously been to prison."

Lopez's attorney signed the waiver form, attesting she personally read and explained the entire contents of the plea form and any attached addendum to him; discussed all charges, possible defenses, and consequences with him; and concurred in his plea and waiver of constitutional rights.

The trial judge reviewed the plea form with Lopez,[2] confirming he read the form, had enough time to speak with his attorney, understood all of the contents of the form, and initialed and signed the form because he understood it and "everything in [it] was true." Lopez confirmed he understood he would be sentenced to 26 years on the voluntary manslaughter conviction and the section 12022.5, subdivision (a), enhancement, concurrent with the two-year sentence he would receive in case no. SCD296684. The court asked him, "Did anybody promise you anything else in order to get you to plead guilty?" He responded, "No." It asked him, "Do you believe you understand all of the consequences of your plea of guilty including any potential immigration consequences." He responded, "I believe I do." Lopez then pled guilty as indicated. The court found Lopez's plea was knowingly, voluntarily, and intelligently entered and there was a factual basis for the plea.

At the sentencing hearing on April 9, Lopez moved to withdraw his guilty plea. His appointed counsel informed the court that after conducting research, "the law did not appear to support [his request] based on the

---

[2]     The court also reviewed the plea form in Case No. SCD296684 at the same time.

reason" he provided her. She requested the court conduct a *Marsden*[3] hearing to allow Lopez to explain "what was going on in his mind when he agreed to accept the deal, so the court can take that into consideration, and see whether or not they feel there is any appropriate remedy to be had." After confirming counsel's representation with Lopez, the court closed the courtroom except for defense counsel and court staff to conduct a *Marsden* hearing.

Relevant here, on April 8, the day before his sentencing hearing, Lopez filed a handwritten letter to the court asserting he accepted the negotiated plea bargain believing that "15 years were going to come off [his] sentence" and he was "only going to have to do 66 [percent] on 11 [years], not 85 [percent] on 26 [years]," due to a "new law" that became effective in 2023 in which "double-ups and enhancements are automatically coming off of every ones [*sic*] sentence." He acknowledged his lawyer "told [him] the truth," that he would "have to do 85 [percent] on [his] plea bargain," but asserted: "[W]hen my lawyer told me how much time I was really going to do I told her I could not accept a deal like that." He maintained, however, he was "lied to, and miss informed [*sic*] about the [new] law" and that he now understands, from talking to family members of "people who are up state" that "violent offenders double up's and enhancements do not come off." He asserted he could no longer "consent to the plea bargain."

In the *Marsden* hearing, Lopez told the court his appointed counsel "did a great job," is "a good lawyer," "one of the best ones that [he has] ever had in [his] life," and he has "no conflict of issue with her." He provided the following basis to withdraw his plea: "I was under the impression that there was a new law in effect. Everybody is talking about it. They are coming

---

3    *People v. Marsden* (1970) 2 Cal.3d 118.

down from up state talking about the double up and things taken off of everybody's cases now.  When they offered me the deal, 26 without life, the 11 doubled up to 22 with the four year gun enhancement, I thought it doesn't sound so bad.  [¶]  I talked to her about it.  She told me that is not the case.  This is not the case."  He confirmed in response to the court's direct question that his attorney did inform him he would not be getting any reduction on the stipulated 26-year sentence.  But he "did not believe her."  Lopez then added he "got high that day" and "was under the influence," contrary to his plea form acknowledging, "I am sober and my judgment is not impaired.  I have not consumed any drug, alcohol or narcotic within the past 24 hours."

Lopez's attorney confirmed she repeatedly advised him that "he would do 85 percent."  The trial judge found Lopez was provided with effective representation, there was no legal basis for Lopez to withdraw his plea, and denied the *Marsden* motion.  Proceeding to sentencing, the court imposed the upper term of 11 years on the voluntary manslaughter, doubled for the strike prior to 22 years, and 4 years on the section 12022.5, subdivision (a), firearm enhancement, for a total of 26 years.  The sentence was run concurrent with the sentence imposed in case SCD296684.

Lopez timely filed a notice of appeal and obtained a certificate of probable cause.

## II.

### *Discussion*

Lopez's appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error.  Counsel identifies the following issue to assist the court in its review:  "Was appellant properly advised of his *Boykin/Tahl* constitutional rights prior to

5

the acceptance of the guilty plea?"  After reviewing the entire record as required by *Wende* and *Anders*, we conclude he was properly advised of his *Boykin/Tahl* constitutional rights before his guilty plea and, further, we have not discovered any arguable issues for reversal or modification on appeal. Competent counsel has represented Lopez on this appeal.

III.

*Disposition*

The judgment is affirmed.

DO, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.